## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD D. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:16-CV-03033-LMM |
| | ) | |
| THEODORE JACKSON, SHERIFF OF | ) | |
| OF FULTON COUNTY, GA, in his | ) | |
| individual capacity and official capacity, | ) | |
| FULTON COUNTY BOARD OF | ) | |
| COMMISSIONERS, JOHN DOE JAIL | ) | |
| SUPERVISOR, JOHN DOE JAILER, | ) | |
| JANE DOE MEDICAL PRACTITIONER | ) | |
| and THIRD-PARTY MEDICAL SERVICE | ) | |
| PROVIDER FOR THE FULTON | ) | |
| COUNTY DETENTION FACILITY | ) | |
| (the "JAIL"), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## BRIEF IN SUPPORT OF DEFENDANTS SHERIFF THEODORE "TED" JACKSON AND FULTON COUNTY BOARD OF COMMISSIONERS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)

COME NOW Defendants Sheriff Theodore "Ted" Jackson and Fulton County Board of Commissioners, by and through undersigned counsel, and pursuant to Fed.R.Civ.P. 12(b)(6), file this Brief in support of their Motion to Dismiss, and show this Honorable Court as follows:

## INTRODUCTION

Plaintiff asserts claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, as well as claims pursuant to the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  Plaintiff's alleged claims are based upon violations of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights, and federal common and statutory law.  Additionally, Plaintiff has alleged pendant state law claims pursuant to the Georgia Constitution, Georgia tort and common law, and relevant case law, to include false imprisonment, intentional infliction of emotional distress, and assault and battery.  Plaintiff is seeking several hundred thousand dollars in damages.

When viewing this pleading in the light most favorable to the Plaintiff, and assuming that all allegations are true, Defendants must prevail because the Plaintiff has failed to state a claim upon which relief can be granted against these Defendants.

## STATEMENT OF FACTS AS ALLEGED IN COMPLAINT

On or about July 8, 2014, Plaintiff was arrested in Fulton County, Georgia for traffic offenses and transported to the City of Atlanta Jail for booking (Doc. 1, Compl., p. 5).  Four (4) days later, Plaintiff was transferred to the Fulton County Detention Center ("Fulton County Jail").  (Id.)  On or about July 25, 2014, Plaintiff

entered a guilty plea in traffic court and was sentenced to time served. (Id.) The Court allegedly ordered that Plaintiff be released from the Fulton County Jail *instanter*. (Id.)

While Plaintiff was waiting to be released, a Fulton County Jailer instructed him to close the door to his cell by grabbing the edge of the door and pulling it from the inside. (Id.) The Fulton County Jailer was also attempting to close the door from the outside. (Id.) When said jailer slammed the door shut, it smashed into the tip of Plaintiff's finger, severing about an inch of Plaintiff's middle finger on his right hand. (Id., p. 5-6)

Plaintiff was taken to the medical clinic in the jail and alleges that a call was placed to Grady Memorial Hospital ("Grady"). (Id., p. 6). Plaintiff allegedly overheard the Grady Emergency Room medical staff instruct the Fulton County Jail Nurse to properly pack the severed finger, place it in a water-tight plastic bag and get Plaintiff to the hospital as soon as possible so that his finger could be reattached. (Id.) Plaintiff alleges that the Fulton County Jail medical staff did not properly pack his finger. (Id.) Further, he alleges that he was not transported to the hospital until five to six hours after the incident occurred. (Id.) As a result, Grady medical staff was unable to reattach his finger. (Id.)

Grady performed surgery to clean the remaining stub of Plaintiff's finger

and sew up the wound.  (Id., p. 7).  Since that initial surgery, Plaintiff has had

plastic surgery and procedures to alleviate the pain.  (Id.)  Plaintiff alleges that he

has limited use of his finger, severe pain and discomfort, and decreased function of

his hand.  (Id.)

## STANDARD FOR MOTION TO DISMISS FOR
## FAILURE TO STATE A CLAIM

For purposes of a motion to dismiss brought pursuant to Federal Rule of

Civil Procedure 12(b)(6), a complaint's factual allegations are assumed true and

construed in the light most favorable to the plaintiff.  See Hardy v. Regions Mortg.,

Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County School

Dist., 446 F.3d 1153, 1156 (11th Cir. 2006).  However, a complaint must plead

"factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009).  "Factual allegations must be enough to raise a right to relief above the

speculative level," i.e., they must do more than merely create a "'suspicion [of] a

legally cognizable right of action,' on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007).  "Stated differently, the factual allegations in a complaint

must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'"

<u>Financial Sec. Assurance, Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1282 (11th Cir. 2007) (citing <u>Twombly</u>, generally).

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the...claim is and the grounds upon which it rests."   <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).  "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law."  <u>Bernard v. Calejo</u>, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing <u>Marshall County Bd. of Educ. V. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993) ("Dismissal is appropriate...when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); <u>see also</u> <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304, 1308 (11th Cir. 2006); <u>Ague v. Home Depot U.S.A., Inc.</u>, 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

## <u>ARGUMENT AND CITATION OF AUTHORITY</u>

### I.  **Sheriff Jackson Is Entitled To Eleventh Amendment Immunity From All Of Plaintiff's Federal Claims In His Official Capacity.**

Plaintiff's federal law claims against Sheriff Jackson in his official capacity are barred as a matter of law because at all pertinent times, he was acting as an arm of the state.  "Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an arm of the State is sued."  <u>Pellitteri v.</u>

Prine, 776 F.3d 777, 779 (11th Cir. 2015) (citing Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc) (internal quotations omitted). "To receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." Id. (citation omitted).

A Georgia Sheriff, as indicated in Manders, acts as an arm of the State when performing his duties at the jail, and thus, is entitled to Eleventh Amendment immunity when sued in his official capacity as a result of performing such duties. See Manders, 338 F.3d at 1309-28; Purcell ex. rel. Estate of Morgan v. Toombs County, GA, 400 F.3d 1313, 1325 (11th Cir. 2005) (Georgia Sheriff acts as an arm of the State when promulgating policies and procedures governing conditions of confinement at the jail and is therefore entitled to Eleventh Amendment immunity).

Under section 1983, neither a State nor its officials acting in their official capacities are considered "persons." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).   Thus, they cannot be held liable under section 1983. Likewise, to the extent that Sheriff Jackson is functioning as an arm of the State while operating the Fulton County Jail, he cannot be held liable for section 1983 claims against him in his official capacity because he is not a "person" within the

meaning of section 1983.  <u>See generally</u> <u>Grech v. Clayton, Co.</u>, 335 F.3d 1326 (11th Cir. 2003).   Accordingly, Plaintiff's section 1983 claims against Sheriff Jackson in his official capacity are barred by Eleventh Amendment immunity.

## II.   Sheriff Jackson Is Entitled to Qualified Immunity From All of Plaintiff's Federal Law Claims In His Individual Capacity.

Sheriff Jackson is entitled to qualified immunity from Plaintiff's federal claims against him in his individual capacity.  So long as a governmental official acts within the scope of his discretionary authority and does not violate clearly established law of which a reasonable person should have known, the doctrine of qualified immunity protects him.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (2006); <u>Purcell Ex. Rel. Estate of Morgan v. Toombs County, Ga.</u>, 400 F.3d 1313, 1319 (11th Cir. 2005).   Qualified immunity provides immunity from suit, not just immunity from liability.  <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985).  "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law."  <u>Vinyard v. Stanfield</u>, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotations marks and citations omitted)).

To receive qualified immunity, a defendant must first show that he was

engaged in the performance of a discretionary function.  Mercado v. City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005).  Discretionary authority is defined as "all actions of a governmental official that (1) 'were undertaken pursuant to the performance of his duties,' and (2) were 'within the scope of his authority.'" Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988)).  Once Sheriff Jackson shows that he was engaged in discretionary conduct, the burden shifts to Plaintiff to show that qualified immunity is not appropriate.  Mercado, 407 F.3d at 1156.

A court will grant qualified immunity to the government official unless the plaintiff can show "that the facts when viewed in the light most favorable to the plaintiff establish a constitutional violation" and "that the illegality of the [government official's] actions was 'clearly established' at the time of the incident."  Muhammad v. Sapp, 388 Fed. Appx. 892, 898 (11th Cir. 2010).  A plaintiff seeking to overcome the defense of qualified immunity must first establish the violation of a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001). Then, he must be able to demonstrate that the right was so clearly established at the time of the alleged violation that a reasonable public official in a similar situation would be aware that his conduct was unconstitutional.[1]  Id.; Siegert v. Gilley, 500

---

[1] After Pearson v. Callahan, 555 U.S. 223 (2009), the court is no longer required to

U.S. 226, 232 (1991).  This is a "purely legal question."  Id.

Qualified immunity may be defeated only by pointing to judicial decisions of the United States Supreme Court, the Eleventh Circuit, and the Georgia Supreme Court that clearly establish the law.  Griffin Indus. Inc. v. Irvin, 496 F.3d 1189 (11th Cir. 2007).  Further, the contours of the right violated must be sufficiently clear such that a reasonable official would understand that what he is doing violates that right.  United States v. Lanier, 520 U.S. 259, 270 (1997).  In the qualified immunity analysis, the relevant question to be answered is whether a "reasonable official" would have believed the defendant's actions to be lawful in light of clearly established law and the information possessed by the defendant.  Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Here, Sheriff Jackson was clearly acting within the scope of his discretionary authority in promulgating customs and policies for the functioning of the Fulton County Jail and in deciding how funds should be allocated to the jail.  Although providing medical care to inmates is a ministerial duty, the determination of what medical care to provide is discretionary.  Murdock v. Cobb County, Ga., No. 1:12-CV-01743-RWS, 2013 WL 2155465, *14 n. 9 (N.D. Ga., May 17, 2013).

conduct the qualified immunity analysis in the sequence specified in Saucier v. Katz, 533 U.S. 194 (2001).  See Olivier v. Fiorino, 586 F.3d 898, 905 (11th Cir. 2009).  Instead, the court may now exercise its sound discretion to decide which prong of the inquiry to address first.  See Pearson, 555 U.S. at 236.

Plaintiff does not allege that he did not receive medical care; he simply takes issue with the fact that the Fulton County Jail personnel did not act as swiftly as he alleges that they should have.   Sheriff Jackson committed no constitutional violations, and Plaintiff has put forward no factual allegations to support this claim.  Sheriff Jackson provided the required medical care for the inmates in the Fulton County Jail and, in his discretion, put in place policies to ensure that they received said medical care.  Accordingly, Sheriff Jackson is entitled to qualified immunity as to the federal claims against him in his individual capacity.

### III.   Sheriff Jackson Should Be Dismissed In His Individual Capacity Based On The Theory of "Respondeat Superior" Liability or Agency.

Plaintiff's Complaint seeks to hold Sheriff Jackson liable for his alleged conduct in his position as Sheriff of Fulton County.  "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Instead, to impose supervisory liability, a supervisor must personally participate in the alleged constitutional violation or a "casual connection" must exist between "the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007); see Cottone, 326 F.3d at 1360.  A causal connection can be established when (1) "a history of widespread

10

abuse[2] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; or (2) "the supervisor's improper 'custom or policy...result[s] in deliberate indifference to constitutional rights'"; or (3) "by facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Dalrymple v. Reno, 334 F.3d 991, 995-96 (11th Cir. 2003) (citations omitted).  This is an "extremely rigorous" standard.  Id. at 995 (quoting Braddy v. Florida Dep't of Labor & Empl. Sec., 133 F.3d 797, 802 (11th Cir. 1994)).

Plaintiff completely fails to establish that Sheriff Jackson personally participated in any alleged constitutional violation or that any "causal connection" exists between actions he may have taken (or failed to take) and the complained of constitutional violation.  Plaintiff alleges neither widespread abuse that would have placed Sheriff Jackson on notice to correct his employees' (1) alleged failures to timely transport inmates to an outside medical facility in the case of a medical emergency or (2) their alleged use of excessive force, intimidation or retaliation; nor does Plaintiff allege that Sheriff Jackson directed his subordinates to act

---

[2] "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999).

unlawfully, or knew they would act unlawfully, and failed to stop them from doing so.  Further, Plaintiff's Complaint is completely devoid of facts supporting (1) his assertion that Sheriff Jackson failed to exercise reasonable care in training, supervising, disciplining and retaining the Fulton County Jail staff and (2) his conclusion that there was a custom or policy of underfunding the Fulton County Jail; a failure in management of the Fulton County Jail; and a breakdown of the institutional chain of command which led to Plaintiff's finger being severed by the jail door.

Additionally, Sheriff Jackson cannot be held responsible for the acts of a third-party medical provider as Plaintiff has pointed to no customs or policies that Sheriff Jackson has promulgated which gave license to this unnamed third-party medical provider to engage in alleged acts of negligence, or more seriously, medical malpractice.  Thus, Plaintiff's claim of agency must fail for the same reasons stated above.

Accordingly, Sheriff Jackson cannot be held liable in his individual capacity under a theory of supervisory liability or agency.

### IV.   Both The Fulton County Board of Commissioners And Sheriff Jackson Are Entitled To Sovereign Immunity From All Of Plaintiff's State Law Claims As Brought Against Them In Their Official Capacity.

Cases suggest that the Fulton County Board of Commissioners ("the BOC") is not an entity capable of being sued.[3]  Nevertheless, "a suit against members of a county board of commissioners in their official capacities is tantamount to a suit against the county itself." Board of Com'rs of Glynn County v. Johnson, 311 Ga. App. 867, 868 (2011) (citing Gilbert v. Richardson, 264 Ga. 744, 746 n. 4 (1994)).[4] As such, "the BOC" may invoke the protection of sovereign immunity as to the pendant state law claims brought against it.

"The sovereign immunity provided in the Georgia Constitution to the state or any of its departments or agencies also applies to Georgia's counties."  Presnell

---

[3] See, e.g., Merritt v. Dixon, 222 Ga. 432, 432 (1966) and Cooley v. Buford Board of Education, No. 1:15-CV-3009-RWS, 2016 WL 4377132, at *5 (N.D. Ga. August 17, 2016) ("the [City of Buford] Board [of Commissioners] is not a legal entity capable of being sued") (citing Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984)).

[4] Plaintiff's complaint does not state whether the claims against the Fulton County Board of Commissioners are being brought as official capacity or individual capacity claims.  However, the complaint refers only to "Fulton County Board of Commissioners," does not mention any board member by name or refer to any actions by any specific board member, and makes no reference to discretionary or ministerial acts or to the doctrine of official immunity.  Thus, in light of the complaint and the course of proceedings, it is clear that the Fulton County Board of Commissioners was only sued in its official capacity.  See Board of Com'rs of Glynn County, 311 Ga. App. at 872.

13

v. Paulding County, Ga., 454 Fed. Appx. 769, 769 (11th Cir. 2011) (citing Gilbert v. Richardson, 264 Ga. 744, 747 (1994)); see also McCobb v. Clayton County, 309 Ga. App. 217, 217 (2011) ("As provided in Georgia's [C]onstitution, sovereign immunity extends to the counties…."). "This sovereign immunity 'can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.'" Id. (citing GA. CONST. of 1983, Art. I, Sec. 2, Par. IX(e)); see also O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute.") "Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue." McCobb, 309 Ga. App. at 217-18. Here, Plaintiff has articulated no such waiver of "the BOC's" sovereign immunity. Thus, "the BOC" is entitled to sovereign immunity as to Plaintiff's state law claims.

Likewise, the doctrine of sovereign immunity bars any claims brought against Sheriff Jackson in his official capacity. "Under the Georgia Constitution, as amended in 1991, 'sovereign immunity extends to the state and all of its departments and agencies.'" Ratliff v. McDonald, 326 Ga.App. 306, 309 (2014) (citations omitted). Because sovereign immunity applies to counties, it "protects

14

county [officers] who are sued in their official capacities, unless sovereign immunity has been waived." Id.

Again, as Plaintiff has failed to allege that Sheriff Jackson's sovereign immunity has been waived, the state law claims alleged against the Sheriff in his official capacity must be dismissed as they are barred by sovereign immunity.

## V. Sheriff Jackson Is Entitled To Official Immunity From All of Plaintiff's State Law Claims In His Individual Capacity.

Sheriff Jackson is entitled to the protection afforded by official immunity from all of the state law claims alleged against him in his individual capacity. "State officers and municipal employees are entitled to official immunity from claims by citizens when they perform ministerial duties negligently or when they act with actual malice in the performance of their official duties." Jones v. Pandey, 390 F. Supp. 2d 1371, 1377 (M.D. Ga. 2005) (citing Gilbert v. Richardson, 264 Ga. 744 (1994)). "Negligence is predicated on what should be anticipated, rather than on what happened, because one is not bound to anticipate or foresee and provide against what is unlikely, remote, slightly probable, or slightly possible." Boyd v. Nichols, 616 F. Supp. 2d, 1331, 1347 (M.D. Ga. 2009) (citing Hodges v. Putzel Elec. Contractors, Inc., 260 Ga.App. 590, 194 (2003)). "Actual malice means a deliberate intention to do wrong." Jones v. Pandey, 390 F. Supp. 2d at 1377 (citing White v. Traino, 244 Ga.App. 208, 2011 (2000)).

Plaintiff has failed to sufficiently assert any claims beyond his recitation of allegations from cases litigated more than twenty years ago that establish that Sheriff Jackson should have foreseen or was aware of the possibility that Plaintiff would allegedly be falsely imprisoned or that his finger would be partially severed. Thus, Plaintiff has failed to allege that Sheriff Jackson performed ministerial duties negligently. Absent evidence of malice, willfulness, or corruption, a public officer is afforded immunity from liability to those who may be injured by the exercise of his discretion in the performance of his official duties. Id. Plaintiff has not made any assertion that Sheriff Jackson acted with malice. Accordingly, the state law claims alleged against Sheriff Jackson in his individual capacity must be dismissed as they are barred by official immunity.

## VI.   42 U.S.C. §§ 1981, 1985, and 1986 Are Not The Proper Vehicles For Alleging The Constitutional Rights Violations That Plaintiff Has Attempted To Bring.

The federal statutes by which Plaintiff has attempted to assert his claims are not the proper vehicles for alleging the constitutional rights violations that he has attempted to bring. Plaintiff has failed to plead any facts in support of the required elements of a § 1981 claim. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to

16

the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens ….” To establish a § 1981 claim, a plaintiff must allege facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute.” Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1270 (11th Cir. 2004). There are absolutely no allegations in Plaintiff’s complaint concerning any intent by the Defendants to discriminate against Plaintiff on the basis of race. Plaintiff, in fact, does not even allege his race; thus, unless he is a member of a racial minority, his section 1981 claim(s) fails due to his failure to allege this essential fact.

To state a claim under 42 U.S.C. § 1982, plaintiff is “required to demonstrate that he was deprived of his property interest because of an intentional act based on racial animus.” Humphrey v. United Parcel Service, 200 F. App’x 950, 952 (11th Cir. 2006) (citing Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1543 (11th Cir. 1994)). Again, Plaintiff has alleged absolutely no facts to support a claim that he was deprived of his property interest due to his race. In fact, as stated above, Plaintiff does not allege race discrimination at all. Accordingly, any claims pursuant to section 1982 should be dismissed.

17

Plaintiff also attempts to bring claims under 42 U.S.C. §§ 1985 and 1986. 42 U.S.C. § 1985 provides, generally, that

> in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

Two broad categories of conspiracies are described in section 1985(2). Bradt v. Smith, 634 F.2d 796, 800 (5th Cir. 1981) (citing Brawer v. Horowitz, 535 F.2d 830, 839-40 (3d Cir. 1976)). The first clauses of section 1985(2) describe conspiracies that are designed to obstruct the course of justice in the federal judicial system. Id. The last two clauses of section 1985(2) describe conspiracies designed to interfere with the equal protection of the laws. Id. Plaintiff does not allege a "conspiracy" in his complaint designed to obstruct justice in the federal system nor a conspiracy designed to interfere with the equal protection of the laws. (In fact, he does not allege a conspiracy at all.) As for 42 U.S.C. § 1986, it requires the existence of a valid claim under section 1985. Bradt, 634 F.2d at 799, fn. 3. Thus, Plaintiff's section 1986 contention is foreclosed by the absence of the prerequisites from a valid claim under section 1985. Id.

18

Simply put, Plaintiff has failed to state a claim upon which relief can be granted, and his claims against Defendants must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's claims against the Defendants should be dismissed in their entirety and Defendants' Motion to Dismiss should be GRANTED.

Respectfully submitted, this 25th day of August, 2016.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Patrise Perkins-Hooker
County Attorney
Georgia Bar No. 572378
patrise.hooker@fultoncountyga.gov

***/s/ Ashley J. Palmer***
Ashley J. Palmer
Staff Attorney
Georgia Bar No. 603514
ashley.palmer@fultoncountyga.gov

Kaye Woodard Burwell
Deputy County Attorney
Georgia Bar No. 775060
kaye.burwell@fultoncountyga.gov

John M. Duffoo
Senior Attorney
Georgia Bar No. 231973
john.duffoo@fultoncountyga.gov

**Attorneys for Defendants**

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RICHARD D. THOMAS,          )
                                  )
      Plaintiff,             )
                                  )      CIVIL ACTION FILE NO.
v.                            )      1:16-CV-03033-LMM
                                  )
THEODORE JACKSON, SHERIFF OF  )
OF FULTON COUNTY, GA, in his     )
individual capacity and official capacity,  )
FULTON COUNTY BOARD OF      )
COMMISSIONERS, JOHN DOE JAIL   )
SUPERVISOR, JOHN DOE JAILER,   )
JANE DOE MEDICAL PRACTITIONER )
and THIRD-PARTY MEDICAL SERVICE )
PROVIDER FOR THE FULTON       )
COUNTY DETENTION FACILITY    )
(the "JAIL"),                     )
                                  )
      Defendants.         )
_____)

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this the 25th day of August, 2016, the

undersigned counsel has presented this document in Times New Roman, 14 point

type in accordance with L.R. 5.1(C) and served a copy of the foregoing **BRIEF IN**

**SUPPORT OF DEFENDANTS SHERIFF THEODORE "TED" JACKSON**

**AND FULTON COUNTY BOARD OF COMMISSIONERS' MOTION TO**

**DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)** upon all parties of record by

21

depositing a true and correct copy of same in the United States mail with adequate

postage affixed thereto and addressed as follows:

Ralph J. Villani, Esq.
Villani Law Firm
821 Dawsonville Hwy.
Suite 250-333
Gainesville, Georgia 30501-2634

This 25th day of August, 2016.

                                          ***/s/ Ashley J. Palmer***

                                          Ashley J. Palmer
                                          Staff Attorney
                                          Georgia Bar No. 603514
                                          ashley.palmer@fultoncountyga.gov

**Office of the Fulton County Attorney**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)